

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 7, 1972

Hon. Ted Butler
Criminal District Attorney
Bexar County Courthouse
San Antonio, Texas 78204

Opinion No. M-1154

Re: Authority of the Bexar County
Hospital District, pursuant
to Section 5(b) of Article
4494n, Vernon's Civil Statutes,
to fund the operation of a
clinic for the poor and in-
digent without assuming re-
sponsibility for control and
supervision of such clinic.

Dear Mr. Butler:

Your recent letter requesting the opinion of this office
concerning the referenced matter states, in part, as follows:

"This office requests your opinion con-
cerning the following question: May the Bexar
County Hospital District fund the operation of
a clinic for the poor and indigent at Villa
Coronado in south Bexar County without taking
over the operation and supervision of the clinic?

"The Villa Coronado Clinic was originally
set up and funded by a Government Grant (OEO)
during the past year with the understanding
that it (OEO) would only fund the clinic for
one year. The Clinic is now operated by a
non-profit organization, "Southside Neighbor-
hood Association Corporation". The Clinic's
first year funds were expended on February 1,
1972. At this time the Bexar County Hospital
District decided to fund the operation since
the persons attended by the Clinic would or-
dinarily be cared for by the Bexar County
Hospital District facilities except for a
transportation problem of about 25 miles. It
is the Bexar County Hospital District's con-
tention since the transportation problem is
so acute for these residences, that by the
time the patients from Villa Coronado finally

-5629-

came to the Bexar County Hospital District
facilities they would be so advanced in their
illnesses that they would become in-patients
of the hospital instead of clinical out-patients.
The Bexar County Hospital District is funding
this clinic through the non-profit corporation
(SSNAC) on a month to month basis without
assuming any operation or supervision of the
clinic and without a contract with the South-
side Neighborhood Association Corporation."

Pursuant to the authority of Section 4 of Article IX of
the Constitution of Texas, the Bexar County Hospital District was
established by Article 4494n, Vernon's Civil Statutes. Section 1
of that Article provides, in part, that:

"Any county having a population of
190,000 or more . . . may be constituted
a Hospital District as hereinafter set out
and . . . may provide for the establishment
of a hospital or hospital system to furnish
medical aid and hospital care to the indigent
and needy persons residing in said Hospital
District. . . ."

Subsection (b) of Section 5b of that Article provides,
in pertinent part, as follows:

". . .(T)he (hospital district) Board of
Managers, with the approval of the Commissioners
Court, may cooperate and contract with . . . any
privately owned or operated hospital, corporate
or otherwise, which privately owned or operated
hospital is situated in the hospital district;
provided, in the opinion of the Board of Managers
and of the Commissioners Court, such a contract
is deemed expedient and advantageous to the
hospital district under existing circumstances,
and be for such fair and reasonable compensation
and on such other terms and for such length of
time as may be deemed to further and assist the
hospital district in performing its duty to
provide medical and hospital care to needy in-
habitants of the county." (Emphasis added).

Section 2 of Article 4437f, Vernon's Civil Statutes, (the Texas Hospital Licensing Law), defines the term "hospital." That Act's definition of the term "hospital" is expressly made applicable to the Bexar County Hospital District by virtue of Subsection (b)(1) of Section 2 of Article 4437f, which provides, in part, as follows:

". . . The definition of 'hospital' does, however, include those facilities maintained or operated by 'governmental' or 'governmental unit' as those terms are defined in Section 2, Subsection (d) of this Act."

Subsection (d), referred to in the foregoing statutory provision, provides, in part, that

"The term 'governmental' or 'governmental unit' means any hospital district . . ." (Emphasis added).

Your letter has also advised us that the Villa Coronado Clinic, the funding of which is at issue in your request, does not fall within the definition of "hospital" set forth in Article 4437f, and,therefore, applicable to Article 4494n. For purposes of this opinion, we assume that your statement concerning the Clinic's falling without the purview of the definition of "hospital" is correct

We are aware that prior to the enactment of Article 4494n, the board of managers of a hospital district, pursuant to Articles 4478 and 4481, Vernon's Civil Statutes, had authority to establish clinics similar to the nature of the Villa Coronado Clinic. If the Villa Coronado Clinic had been extant at the time of the enactment of Article 4494n (1953), which it was not, it would have become the property of the Bexar County Hospital District, by virtue of the provisions of Section 4 of Article 4494n.

Inasmuch as the Villa Coronado Clinic is not the property of the Hospital District, the only way whereby the Hospital District may have a legal connection with such Clinic is through the provisions of Section 5b of Article 4494n, quoted supra.

Pursuant to Subsection (a) of Section 5b, the Hospital District could elect to purchase the Clinic to effectuate its duty of providing for "the establishment of a hospital or hospital system to furnish medical aid and hospital care to the indigent and needy

persons" residing in the District.

However, the District cannot, pursuant to Subsection (b) of Section 5b, contract with the Clinic, inasmuch as it is not a "hospital" as that term is used in Subsection (b), by virtue of the provisions of Subsection (b)(1) of Section 2 of Article 4437f, quoted supra. Furthermore, no authority is found in Section 5b of Article 4494n whereby the District could contract with any clinic, as opposed to a hospital, in the District. Cf. Attorney General's Opinion No. M-85 (1967), and authorities cited therein, whereby the right of a hospital district to pay private hospitals for medical care rendered to needy and indigent persons of a county was upheld, where it was not practical to treat such persons in the hospital district's own facilities.

Even if, arguendo, clinics fell within the purview of Subsection (b) of Section 5b of Article 4494n, it is manifest from the import, and specific terms,of that Subsection that the only way the District could have a relationship with the Clinic would be by contract.

Your letter clearly states that the Hospital District is presently funding the Clinic, on a month-to-month basis, through a non-profit corporation, and that the District neither assumes any operation or supervision of the Clinic, nor does it have any contract with the parent non-profit corporation.

We are unable to find any legal authority sanctioning the fact situation at issue in your request. You are advised that the Bexar County Hospital District may contract only with those entities set forth in Subsection (b) of Section 5b of Article 4494n. If the Villa Coronado Clinic meets the definition of "hospital" (as that term is used in Article 4437f, quoted supra), you are further advised that the Hospital District may contract with the Clinic to render such medical services to the needy and indigent of the District as the Board of Managers deems necessary.

No funding of the operations of the Clinic, or of its parent non-profit corporation, may be granted from funds of the Hospital District until a contract is executed between the District and the parent corporation, whereby the District will assume appropriate responsibility for the operation and control of the Clinic.

We are mindful of the fact that the Bexar County Hospital District has the constitutional and statutory duty to furnish medical

aid and hospital care to the indigent and needy persons residing in said District. Accordingly, you are further advised that the Hospital District may acquire the facilities of the Villa Coronado Clinic if it deems such acquisition necessary to the proper performance of its constitutional and statutory duties in this regard.

In view of the foregoing, your question is answered in the negative.

### S U M M A R Y

(1) Pursuant to Subsection (b) of Section 5b of Article 4494n, Vernon's Civil Statutes, the Bexar County Hospital District has no authority to fund the operations of a clinic, or its parent non-profit corporation, unless: (a) the clinic meets the definition of "hospital" and (b) a contract is executed between the Hospital District and the parent corporation whereby the District will have an appropriate degree of supervision and control over the operations of the funded facility.

(2) The Hospital District has the constitutional and statutory duty to furnish medical and hospital care to the indigent and needy persons residing in its District.

(3) Pursuant to Subsection (a) of Section 5b of Article 4494n, Vernon's Civil Statutes, the Hospital District may acquire the Villa Coronado Clinic, and operate the Clinic as a part of the Hospital District, if the Board of Managers of the District deems such acquisition necessary and proper to the effectuation of its duties.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
John Banks
Charles Lind
John Reeves
Scott Garrison

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant